

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| United States of America | Criminal Action No. 08-00280 |
| versus | Judge Richard T. Haik, Sr. |
| Ty Anthony Trahan | Magistrate Judge C. Michael Hill |

### ORDER

Before the Court is defendant, Ty Anthony Trahan's, Motion To Correct Sentence Calculation regarding Judgment [Rec. Doc. 48]. Defendant states that he is not being given credit by the United States Bureau of Prisons for time served as instructed by the Court when he was sentenced.

The responsibility to calculate a federal prisoner's period of incarceration for the sentence imposed, and to provide credit for time served, is assigned to the Attorney General, who exercises it through the United States Bureau of Prisons. 18 U.S.C. § 3585. "Title 18 U.S.C. § 3585 determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in 'official detention' before the sentence began." *Reno v. Koray*, 515 U.S. 50, 55 (1995). Under 18 U.S.C. § 3585, a defendant convicted of a federal crime is entitled to credit for certain time spent in official detention prior to the date the sentence begins. 18 U.S.C. § 3585 provides in pertinent part:

> (b) Credit for prior custody - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not already been credited against another sentence.

Thus, 18 U.S.C. § 3585 authorizes credit towards a sentence only for time that has not been credited towards another sentence - which is clearly Defendant's situation in this case. *United States v. Wilson*, 503 U.S. 329, 334 (1992). The Attorney General, through the Bureau of Prisons, determines what credit should be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences. *Id.* at 333-34; *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir.2003).

The record indicates that Defendant was initially arrested and incarcerated on October 20, 2008. *R.7, Arrest Warrant*. Following his initial appearance and arraignment on October 21, 2008, an Order of Temporary Detention was entered. *R. 8, 13*. On October 22, 2008, defendant was ordered detained pending trial. *R. 15*. A plea was entered by Defendant on April 29, 2009. On October 22, 2009, as reflected in the Minutes and the Judgment, the Court[1] sentenced defendant "to a term of 97 months," and stated that "Defendant be given credit for time served." *R. 41; 43*.

Based on Defendant's motions and the record of this proceeding, the Court respectfully requests that the United States Bureau of Prisons give Ty Anthony Trahan credit for time served for his offense dating back to his arrest and incarceration on October 20, 2008.

**THUS DONE AND SIGNED** this 14th day of April, 2015 at Lafayette, Louisiana.

_____
Richard T. Haik, Sr.
United States District Judge

---

[1] Judge Melancon was the sentencing Judge.